**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RANDY MAYO
ADC #134578                                                                                    PLAINTIFF

V.                                        NO: 5:06CV00179 WRW/HDY

RICK TONEY *et al.*                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge

William R. Wilson, Jr.  Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.  If the

objection is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than eleven (11) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the
       hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at
        the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

    Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite 402
        Little Rock, AR 72201-3325

## DISPOSITION

    Plaintiff, an inmate at the East Arkansas Regional Unit, filed a *pro se* complaint (docket entry

#2), pursuant to 42 U.S.C. § 1983, on July 3, 2006. On August 14, 2006, Defendants Nnamdi

Ifediora and Donna Stone filed a motion to dismiss and brief in support (docket entries #9 & #10),

alleging that Plaintiff had failed to exhaust his administrative remedies, and that his complaint failed

to state a claim against them.  Also on August 14, 2006, Defendants Rick Toney and G.B. Davis

filed a motion to dismiss, asserting that Plaintiff's complaint failed to state a claim as to them, that

the claim was barred by sovereign immunity, and that Plaintiff failed to exhaust his administrative

remedies (docket entries #11 & #12).  Ifediora and Stone filed a second motion to dismiss (docket

entry #29), reiterating the same arguments made in their earlier motion, and also asserting that

Plaintiff's complaint should be dismissed for failure to comply with this Court's orders to respond.

Although Plaintiff has been granted multiple extensions of time in which to respond to the first two

motions (docket entries #15, #19, and #27), he has failed to do so.

## I.  Standard of Review

In  evaluating a motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6),  the

Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears

beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would

entitle him to relief.   *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir.

1998).  The Court must accept the factual allegations in the complaint as true and hold a plaintiff's

*pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers. . . ."  *Haines*

*v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

## II.  Analysis

Plaintiff's  complaint  indicates  that  certain  staff  members  at  the  Jefferson  County

Jail/Correctional Facility ("JCJCF") of the ADC refused to honor his medical restrictions, and forced

him to use stairs to board a bus to attend classes, which caused him pain because of a bad right knee.

According to Plaintiff, he was also disciplined for missing school.  Plaintiff further charges that if

the medical staff at JCJCF had not been negligent in obtaining his previous medical records, he

would not have been released to enroll in school in the first place.

*A.  Defendants Ifediora and Stone*

Ifediora and Stone assert that Plaintiff fails to state a claim against them, and that Plaintiff

has failed to provide proof of exhaustion of his administrative remedies.  Because Plaintiff has failed

to state a claim against Ifediora and Stone, his claims against them should be dismissed, and they

should be dismissed as party Defendants.

Although Plaintiff has made vague claims of wrongdoing against the "medical staff," he has

failed to articulate any specific facts to indicate that Ifediora or Stone violated his constitutional

rights.  Indeed, other than being named as Defendants, neither Ifediora nor Stone are named in the

complaint.  Accordingly, Plaintiff's claims against Ifediora and Stone should be dismissed, and they should be dismissed as party Defendants.

In light of this recommendation, the Court need not reach Defendants' argument that Plaintiff failed to exhaust his administrative remedies, or Ifediora's and Stone's second motion to dismiss (docket entry #29).

*B.  Defendants Rick Toney and G.B. Davis*

As in the case of Plaintiff's claims against Ifediora and Stone, Plaintiff has failed to mention Toney or Davis anywhere in the complaint other than in the caption.  Thus, Plaintiff's claims against Toney and Davis should also be dismissed, and the Court need not consider the other arguments advanced by Toney and Davis.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      The motion to dismiss filed by Ifediora and Stone (docket entry #9) be GRANTED, and Plaintiff's claims against Ifediora and Stone be DISMISSED WITHOUT PREJUDICE.

2.      Ifediora and Stone's second motion to dismiss (docket entry #29) be DENIED AS MOOT.

3.      The motion to dismissed filed by Toney and Davis (docket entry #11) be GRANTED, and Plaintiff's claims against Toney and David be DISMISSED WITHOUT PREJUDICE.

4.      Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE.

DATED this __20___ day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE